[No. 34374.   Department Two.   February 20, 1958.]

GEORGE C. SAPP, *Appellant*, v. VAN BELLE LUMBER COMPANY, *Respondent*.[1]

*Wilmot W. Garvin* and *Donald J. Crawford*, for appellant.
*Morrison, Lake, Cael & Huppin*, for respondent.

PER CURIAM.—This is an action for additional compensation by a planer mill foreman, based on an alleged contract to pay him ten per cent of the profit of the business, or, in the alternative, for overtime as a working foreman under the terms and provisions of the Federal fair labor standards act.

The trial court found there had been no meeting of the minds on the terms of the alleged contract, and, hence, no contract; that the plaintiff was an executive within the purview of the Federal fair labor standards act and hence, not covered by its provisions relative to overtime; and that, if he were not such an executive, he had failed to establish there had been any overtime work.

This is not a case where the ultimate conclusions—that no contract existed, that the plaintiff was an executive, and that no overtime was established—are drawn from undisputed facts. Both causes of action were dependent upon the trial court's accepting as verities the things testified to by the plaintiff. The trial court's announcement at the close of the case, that it would find, if necessary, "that the plaintiff had failed to sustain the burden of showing that there had been any overtime work whatsoever," was a clear indication that the court did not believe the plaintiff's testimony concerning the marking of the hours worked each day on the calendars which were in evidence. No attempt was made to rehabilitate the witness after the testimony of the handwriting expert that the markings on the various calendars had been made at one time.

The trial court did not believe the plaintiff on the essential issues

[1]Reported in 321 P. (2d) 904.

in his case, and, under such circumstances, an appeal by him to this court is futile. Certainly the evidence does not preponderate against the trial court's findings.

Judgment of dismissal affirmed.

April 3, 1958. Petition for rehearing denied.